**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| GAIL CAMPFIELD, individually ) <br> and as independent administrator of ) <br> the Estate of Frank Campfield, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> FALCON TRANSPORT CO., ) <br> ) <br> Defendant and ) <br> Third Party Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> ROADCO TRANSPORTATION SVCS., INC., ) <br> ) <br> Third Party Defendant. ) | Case No. 05 C 663 |

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

Gail Campfield filed this suit against Falcon Transport Company in her capacity as independent administrator of the estate of Frank Campfield, alleging that Falcon was negligently responsible for his death. On September 2, 2004, Mr. Campfield, an employee of Roadco Transportation Services, Inc., was driving a Roadco semi-tractor trailer eastbound on Interstate 80/90. The vehicle broke down, and Campfield was forced to pull over onto the right (south) shoulder. While Campfield was standing on the shoulder of the road waiting for assistance, he was struck and killed by a second semi-tractor trailer driven by Arthur Johnson, an employee of Falcon who is alleged to have been acting within the scope of his employment and who is claimed to have acted negligently.

Falcon denied that it was negligent and also filed a third party claim against Roadco, claiming that Roadco was negligent (by, among other things, failing to provide Campfield with necessary roadside safety equipment and failing properly to train him concerning roadside safety) and that this caused or contributed to Campfield's death. itself in multiple ways. Roadco answered the third party claim, denying the claim of negligence. It has now moved for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). For the reasons stated below, the Court denies Roadco's motion.

## Discussion

A Rule 12(c) motion is reviewed under the same standard as a Rule 12(b)(6) motion. *Guise v. BWM Mortgage, LLC*, 377 F.3d 795, 798 (7th Cir. 2004); *Northern Indiana Gun & Outdoor Shows, Inc. v. City of South Bend*, 163 F.3d 449, 452 (7th Cir. 1998). The facts alleged in the pleading, and reasonable inferences from those facts, are viewed in the light least favorable to the moving party. *Guise,* 377 F.3d at 798; *Northern Indiana*, 163 F.3d at 452 (quoting *GATX Leasing Corp. v. National Union Fire Ins. Co.*, 64 F.3d 1112, 1114 (7th Cir. 1995)). The motion may be granted if the moving party shows that there are no material issues of fact to be resolved. *Guise,* 377 F.3d at 798; *Northern Indiana*, 163 F.3d at 452.

When deciding a Rule 12(c) motion, the court is restricted to facts as stated in the pleadings. Roadco's motion, however, is premised largely on a factual contention that is not found in the pleadings – specifically, that Falcon's truck drifted off the road and onto the shoulder. Gail Campfield's complaint alleges that Frank Campfield's trailer was parked approximately two feet from the fog line along the shoulder of 80/90 and that he was standing next to the trailer when Johnson struck the trailer and then struck Campfield. Falcon denied both of these allegations in its answer. Its third party complaint does not allege exactly where

Campfield was struck and does not state on which side of the trailer he was standing. Roadco's counterclaim against Falcon likewise does not add these details.

It may be true, as Roadco contends, that it can be inferred from the pleadings that Johnson's truck drifted off the road and struck Campfield. But the fact that such an inference *may* be drawn does not permit entry of judgment on the pleadings in Roadco's favor. As noted earlier, the Court must view the pleadings in the light least favorable to Roadco, the moving party. Because there are other possible scenarios consistent with the facts alleged in the pleadings, Roadco is not entitled to judgment under Rule 12(c).

The Court would deny Roadco's motion even the inference urged by Roadco were the only inference that reasonably could be drawn, because even under Roadco's scenario, a jury reasonably could find that Roadco's action was a proximate cause of Campfield's death. Falcon's third party complaint is brought pursuant to the Illinois Joint Tortfeasor Contribution Act, which provides that with exceptions not relevant here, "where 2 or more persons are subject to liability in tort arising out of the same injury to person or property, or the same wrongful death, there is a right of contribution among them, even though judgment has not been entered against any or all of them." 740 ILCS 100/2(a). A claim for contribution has two required elements: first, all parties must be liable in tort to the injured party, and second, all parties must be liable for the same injury. *Id.; Vroegh v. J & M Forklift*, 165 Ill. 2d 523, 529, 651 N.E.2d 121, 125 (1995); *see also, e.g., Alper v. Altheimer & Gray*, 257 F.3d 680, 684 (7th Cir. 2001).[1] The second element is not at issue because all the claims in this action concern the same injury.

---

[1] Via the Contribution Act, employers can be held liable to a third party for injuries to employees up to amount of the employer's liability under the Illinois Workers Compensation Act. *See Kotecki v. Cyclops Welding Corp.*, 146 Ill. 2d 155, 158, 585 N.E.2d 1023, 1224 (1991).

The dispute between the parties is whether or not Roadco is liable in tort to the plaintiff.

Roadco's liability depends on whether it had, and breached, a duty of care to Campfield, proximately causing Campfield's injury. *Springfield Bank and Trust v. Galman*, 188 Ill. 2d 252, 256, 720 N.E.2d 1068, 1071 (1999); *Lee v. Chicago Transit Authority*, 152 Ill.2d 432, 455, 605 N.E.2d 493, 502 (1992); *Cannon v. Commonwealth Edison Co.*, 250 Ill. App. 3d 379, 381, 621 N.E.2d 53, 54 (1993).

Roadco contends that no reasonable finder of fact could find any action by Roadco to be a proximate cause of Campfield's death. Proximate cause has two requirements: cause in fact and legal cause. *See Springfield Bank and Trust*, 188 Ill. 2d at 256, 720 N.E.2d at 1071; *Lee*, 152 Ill. 2d at 455, 605 N.E.2d at 502; *Knauerhaze v. Nelson*, 361 Ill. App. 3d 538, 549, 836 N.E.2d 640, 651 (2005). Cause in fact is proven by showing that the defendant's action was a material element and a substantial factor in bringing about plaintiff's injury. *Springfield Bank and Trust*, 188 Ill. 2d at 257, 720 N.E.2d at 1071. Legal cause "is essentially a question of foreseeability: a negligent act is a proximate cause of an injury if the injury is of a type which a reasonable man would see as a likely result of his conduct." *Lee,* 152 Ill. 2d at 456, 605 N.E.2d at 503 (quoting *Masotti v. Console*, 195 Ill. App. 3d 838, 845, 552 N.E.2d 1292 (1990)).

If a defendant creates a condition where injury is possible but the independent acts of a third party actually causes the injury, the defendant may not be liable because the causal chain has been broken. *Springfield Bank and Trust*, 188 Ill. 2d at 257, 720 N.E.2d at 1071. The test for proximate cause is whether the injury was foreseeable as the natural consequence of the dangerous condition. *Id*. Proximate cause is generally an issue for a jury to decide but will be determined as a matter of law if reasonable persons would not differ on the inferences to drawn from uncontested facts. *Lee,* 152 Ill.2d at 455, 605 N.E.2d at 503*; Merlo v. Public Svc. Co. of*

*Northern Ill.,* 381 Ill. 300, 318, 45 N.E.2d 665, 675 (1943); *Mack v. Ford Motor Co.,* 283 Ill. App. 3d 52, 58, 669 N.E.2d 608, 613 (1st Dist. 1996)

In its motion, Roadco relies heavily on the Illinois Appellate Court's decision in *Boylan v. Martindale*, 103 Ill. App. 3d 335, 431 N.E.2d 62 (1982). In *Boylan*, the court affirmed the grant of a motion to dismiss filed by a telephone company and a municipality in a case involving injuries sustained when one car was struck by another car and then collided with a telephone pole that was near the side of the road. The appellate court in *Boylan,* however, did not address the issue of proximate cause but rather upheld the dismissal order on the ground that the defendants did not owe the plaintiff a duty. *Id.* at 347-48, 421 N.E.2d at 72.

In any event, subsequent to *Boylan*, the Illinois Supreme Court clarified the cause/condition distinction in *Springfield Bank and Trust,* holding that analysis of cause and condition amounts to a determination whether the defendant's actions meet the cause in fact requirement of proximate cause. *See Knauerhaze*, 361 Ill. App. 3d at 553, 836 N.E.2d at 655 (citing *Springfield Bank and Trust*, 188 Ill. 2d at 259, 720 N.E.2d at 1073). In cases in which the subsequent negligent act of a third party (in this case Falcon) is claimed to have directly caused the injury, assessment of whether a party (in this case Roadco) that committed some earlier negligent act can be held liable turns on whether that party's conduct "was a material and substantial element in bringing about the injury" and whether "the intervening efficient cause was of a type that a reasonable person would see as a likely result of his or her conduct." *Springfield Bank and Trust,* 188 Ill.2d at 259, 720 N.E.2d at 1072.

Roadco's alleged conduct meets these requirements. In *Mack v. Ford Motor Co.*, 283 Ill. App. 3d 52, 669 N.E.2d 608 (1996), the court stated that a third party could be liable for injuries sustained as the result of negligence in a case with similar to facts to those in the present case. In

5

*Mack*, plaintiffs owned a car with an automatic fuel shut-off device that engaged if the car was involved in an accident. Plaintiffs were involved in an accident while driving on an interstate and the Mustang became disabled. Plaintiffs then had to manually push the disabled vehicle off of the road and onto the shoulder. One plaintiff was struck and killed by another car in the process of pushing the Mustang onto the shoulder. The court found that the issue of contributory negligence on the part of Ford was an issue for a jury to decide because it was reasonable to determine that it was foreseeable that a car with a fuel shut-off device would be involved in an accident on an interstate causing the car to need to be pushed off of the road. *Id.* at 58-61, 669 N.E.2d at 613-15.

Taking Falcon's allegations as true, as we must when considering a motion under Rule 12(c), we cannot say, as a matter of law, that Roadco's alleged negligence was not a proximate cause of Campfield's death. A jury reasonably could find that Roadco's alleged failure to provide Campfield with the requisite roadside emergency equipment, and/or its alleged failure properly to train Campfield on roadside safety, proximately caused Campfield's death and that the subsequent intervening negligence of Falcon's employee in striking Campfield alongside the road (if that is what happened) was reasonably foreseeable.

## Conclusion

For the reasons stated above, the Court denies Roadco's motion for judgment on the pleadings [docket no. 71].

_____
MATTHEW F. KENNELLY
United States District Judge

Date: June 9, 2006