# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| GAIL CAMPFIELD, individually and as independent administrator of the Estate of Frank Campfield, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | Case No. 05 C 663 |
| FALCON TRANSPORT CO., | ) ) | |
| Defendant and Third Party Plaintiff, | ) ) ) ) | |
| vs. | ) ) | |
| ROADCO TRANSPORTATION SVCS., INC., | ) ) | |
| Third Party Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

On the morning of September 2, 2004, a two-vehicle collision occurred on the Indiana Toll Road in Laporte County, Indiana. One of the vehicles, owned by defendant Falcon Transport Co. ("Falcon"), was heading eastbound when it collided with a truck parked on the right shoulder of the eastbound lanes. Third-party defendant Roadco Transport Services, Inc. ("Roadco") operated the parked truck. The driver of the Roadco truck, Frank Campfield, was killed. Campfield's widow, Gail Campfield, brought this suit against Falcon alleging that her husband's death resulted from Falcon's negligence. Falcon filed a third-party complaint against Roadco under the Illinois Joint Tortfeasor's Contribution Act, alleging that Roadco's own

negligence proximately caused Campfield's death, and seeking contribution from Roadco for Roadco's *pro rata* share of any judgment against Falcon. Roadco has moved for summary judgment on the third-party complaint, arguing that – as a matter of law – no reasonable person could find that Roadco's alleged negligence was a proximate cause of Campfield's death. For the reasons stated below, the Court denies Roadco's motion.

## Facts

Though there are questions at this point as to the admissibility of certain of the matters set forth in the parties' Rule 56 statements (particularly Falcon's), the Court can deduce the following to provide an overview of the relevant facts. Roadco is a full-service trucking company operating primarily on the East Coast and in the Midwest. A few days prior to the September 2, 2004 accident, Roadco hired plaintiff Campfield as a truck driver. On the night of September 2, Roadco called Campfield into work to haul a load of cooking oil from Cicero, Illinois to Brecksville, Ohio.

Soon after departing on the route, Campfield encountered a fuel problem while on the Indiana Toll Road. Roadco trucks, including the one driven by Campfield, are equipped with a Qualcomm communication system that allows drivers to communicate with the company and enables the company to pinpoint the precise location of each truck. According to a toll receipt found in the Roadco truck, Campfield entered the Toll Road at 2:00 a.m. and sent a Qualcomm transmission to Roadco seeking assistance at 3:07 a.m. It appears that Campfield sent further transmissions indicating a problem with the truck at 3:08 a.m. and at 6:21 a.m. Around 8:00 a.m., Indiana Senior Trooper Maggie C. Shortt was dispatched to Campfield's location after the state police received a call of a broken down truck and an individual walking away. Campfield

apparently told Trooper Shortt that he had run out of fuel and had been sitting on the side of the road since around 3:30 a.m.  Campfield also indicated that he had received no response from the company to the three Qualcomm messages he had sent.  Trooper Shortt allowed Campfield to use her cell phone to call Roadco.

Around 9:36 a.m., Campfield was standing outside the Roadco truck on the left side of the vehicle, which was still parked on the right shoulder of the road.  An eastbound truck, owned by Falcon and driven by Arthur Johnson, veered off the roadway and struck Campfield as it made contact with the side of the parked Roadco truck.  Campfield was killed, and Johnson was severely injured.  An accident investigator concluded, among other things, that Campfield had not placed any emergency triangles or lighted devices around the parked Roadco truck.  The investigator further concluded from personal observation that the door latch inside the Roadco truck that would have given Campfield access to the emergency triangles was inoperable. Campfield could have accessed this equipment, although he would have had to crawl into the storage compartment from the other side of the truck.  According to the accident investigator's report, a postmortem toxicology screen performed by the coroner showed that Campfield had a blood alcohol level of .049% at the time of the accident.

As the Court stated at the outset, certain of these facts are likely inadmissible, at least for present purposes, because Falcon failed to cite to admissible evidence as required by Rule 56. For example, Falcon cited the accident investigation report to support its assertion that Campfield had a blood alcohol level of .049%, but did not attach the toxicology report itself, deposition testimony from the individual at the Laporte County Coroner's Office who performed the lab analysis, or an affidavit.  Rather, Falcon merely cited to the accident investigation report,

which makes reference to the toxicology report. Roadco is correct that the accident investigation report is inadmissible for the purpose of demonstrating Campfield's blood alcohol level, because the individual who prepared the report had nothing to do with performing the toxicology screen. *See Miller v. Field*, 35 F.3d 1088, 1091 (6th Cir. 1994) ("police reports have generally been excluded except to the extent to which they incorporate observations of the officer.") Several other facts cited by Falcon suffer the same infirmity. However, the Court can and will decide this motion without reliance on any of the facts cited by Falcon (including Campfield's alleged blood alcohol level) that do not appear to have a proper foundation for admissibility.

## Discussion

Summary judgment is proper when the evidence, viewed in the light most favorable to the non-moving party, presents "no genuine issue as to any material fact" such that "the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). *See also Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). The Court must construe all facts and any reasonable inferences in the light most favorable to the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).

Falcon's claim for contribution has two required elements: first, all parties must be liable in tort to the injured party, and second, all parties must be liable for the same injury. 740 ILCS 100/2(a). *Vroegh v. J & M Forklift*, 165 Ill. 2d 523, 529, 651 N.E.2d 121, 125 (1995); *see also, e.g., Alper v. Altheimer & Gray,* 257 F.3d 680, 684 (7th Cir. 2001). The second element is not at issue because all the claims in this action concern the same injury. The dispute between the parties is whether or not Roadco is liable in tort to Campfield, thereby giving Falcon a right of contribution.

Roadco's liability depends on whether it had, and breached, a duty of care to Campfield, proximately causing Campfield's injury. *Springfield Bank and Trust v. Galman*, 188 Ill. 2d 252, 256, 720 N.E.2d 1068, 1071 (1999); *Lee v. Chicago Transit Authority*, 152 Ill. 2d 432, 455, 605 N.E.2d 493, 502 (1992); *Cannon v. Commonwealth Edison Co.*, 250 Ill. App. 3d 379, 381, 621 N.E.2d 53, 54 (1993). Proximate cause has two requirements: cause in fact and legal cause. *See Springfield Bank and Trust*, 188 Ill. 2d at 256, 720 N.E.2d at 1071; *Lee*, 152 Ill. 2d at 455, 605 N.E.2d at 502; *Knauerhaze v. Nelson*, 361 Ill. App. 3d 538, 549, 836 N.E.2d 640, 651 (2005). Cause in fact is proven by showing that the defendant's action was a material element and a substantial factor in bringing about plaintiff's injury. *Springfield Bank and Trust*, 188 Ill. 2d at 257, 720 N.E.2d at 1071.

Legal cause "is essentially a question of foreseeability: a negligent act is a proximate cause of an injury if the injury is of a type which a reasonable man would see as a likely result of his conduct." *Lee,* 152 Ill. 2d at 456, 605 N.E.2d at 503 (quoting *Masotti v. Console*, 195 Ill. App. 3d 838, 845, 552 N.E.2d 1292 (1990)). In cases in which the subsequent negligent act of a third party (in this case Falcon) is claimed to have directly caused the injury, assessment of whether a party (in this case Roadco) that committed some earlier negligent act can be held liable turns on whether that party's conduct "was a material and substantial element in bringing about the injury" and whether "the intervening efficient cause was of a type that a reasonable person would see as a likely result of his or her conduct." *Springfield Bank and Trust,* 188 Ill. 2d at 259, 720 N.E.2d at 1072. Roadco has conceded that its conduct was a cause in fact of Campfield's death, *i.e.*, but for Campfield being stranded on the side of the road without fuel, he could not have been struck by the Falcon truck. *See* Motion for Summary Judgment at 7.

Roadco argues, however, that its conduct was not the legal cause of Campfield's death because it could not foresee that the Falcon truck would strike Campfield while his truck was parked on the shoulder. Falcon's argument misses the mark.

Proximate cause is generally an issue for a jury to decide. It can, however, be determined as a matter of law if reasonable persons would not differ on the inferences to be drawn from the uncontested facts. *Lee*, 152 Ill. 2d at 455, 605 N.E.2d at 503; *Merlo v. Public Svc. Co.* of *Northern Ill.*, 381 Ill. 300, 318, 45 N.E.2d 665, 675 (1943); *Mack v. Ford Motor Co.*, 283 Ill. App. 3d 52, 58, 669 N.E.2d 608, 613 (1996).

Even based on the those facts that Falcon set forth in response to the motion for summary judgment that the Court can properly consider, it is clear that reasonable persons could draw different inferences from these facts and how they relate to Roadco's potential liability. For example, there is no dispute that Campfield was stranded on the side of the Indiana Toll Road for over six hours, or that the latch that would have given him ready access to the emergency triangles and lighting devices was inoperable. A jury reasonably could conclude that Roadco was negligent by failing to send help for Campfield promptly and for sending him out in a truck with an inoperable latch on the door housing the emergency equipment. Taken together, these uncontested facts are sufficient to defeat summary judgment.

Roadco argues that it makes no difference whether Campfield was stranded on the side of the road for six minutes or six hours, because the accident still would have occurred when Johnson drove the Falcon truck on the shoulder where Campfield was parked. Reply Brief at 3-4. The Court disagrees. It would be reasonable for a jury to conclude that it became more likely that Campfield would be involved in an accident having spent six hours by the side of a busy

commercial highway instead of six minutes.

Similarly, a jury reasonably could conclude that Roadco proximately caused the accident by sending Campfield out in a truck with a broken door latch on the compartment holding the emergency equipment. Roadco points out that Campfield could have accessed the emergency equipment "although [he] would have had to crawl into the storage compartment . . . ." Reply Brief at ¶ 51. Even so, a reasonable jury could conclude that Campfield was not physically able to access the equipment by crawling into the compartment, did not know he could access the equipment by crawling into the compartment, or any number of other conclusions on which the Court need not speculate. Moreover, a jury reasonably could conclude the safety triangles and lights – had Campfield been able to access and then place them – could have prevented the accident. It is not up to the Court on summary judgment to weigh the facts and decide that this was not the case, particularly because Falcon is the non-movant.

A summary judgment motion is not a trial-by-paper in which the court reviews all the evidence, determines which side's version is more likely, and rules accordingly. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). On the contrary, a court addressing a summary judgment motion may not weigh the evidence and decide which competing inferences are more likely. *See, e.g., Payne v. Pauley,* 336 F.3d 767, 770 (7th Cir. 2003). Rather, the Court must take the facts, and inferences reasonably drawn from them, in the light most favorable to the non-moving party. *Morfin v. City of East Chicago,* 349 F.3d 989, 996-97 (7th Cir. 2003). In this case, Falcon's interpretation of the facts – that Roadco proximately caused the accident by causing Campfield to be stranded for over six hours and providing a truck with an inoperable latch – cannot be disregarded by the Court while deciding a motion for summary judgment.

Roadco also argues that its conduct could not have been a proximate cause of the accident because "Roadco could not have foreseen that Mr. Johnson would drive his truck 35-40 inches onto the shoulder, where its truck was parked and Mr. Campfield was standing, as a result of the Roadco truck running out of fuel." Motion for Summary Judgment at 4. Roadco, however, takes far too narrow a view of what subsequent negligent act must be foreseeable to find proximate cause. The law does not require the clairvoyance suggested by Roadco. Of course Roadco could not foresee that if one of its trucks ran out of fuel, another trucker would drive 35-40 inches onto the shoulder and strike Campfield. Roadco could, however, foresee that sending its driver out with insufficient fuel, providing a truck with an inoperable latch on the compartment housing the emergency equipment, and failing to send help for the stranded driver for over six hours would increase the chance that Campfield and the truck he was driving would be involved in an accident of the type involved in this case. Presumably Roadco provided emergency triangles and lights and equipped their vehicles with the Qualcomm communications gear precisely for this reason.

The Illinois Appellate Court addressed a factually similar situation in *Mack v. Ford Motor Co.,* 283 Ill. App. 3d 52, 669 N.E.2d 608 (1996). In *Mack*, the plaintiffs owned a Ford Mustang with an automatic fuel shut-off device that engaged if the car was involved in an accident. The plaintiffs were involved in an accident while driving on an interstate and the Mustang became disabled. The plaintiffs then had to manually push the disabled vehicle off of the road and onto the shoulder. One plaintiff was struck and killed by another car in the process of pushing the Mustang onto the shoulder. The court found that the issue of whether Ford was contributorily negligent was for a jury to decide, because a jury reasonably could determine that

8

Ford could foresee that a car with a fuel shut-off device would be involved in an accident on an interstate, requiring the driver to push the car off the road. *Id.* at 58-61, 669 N.E.2d at 613-15. The court found that the collision that disabled the Mustang was not unforeseeable as a matter of law, "for [Ford] must be deemed to have designed the vehicle in anticipation of the very fact situation with which we are presented here: the car becomes disabled after a collision that leaves its driver unable to restart it, and he is required to exit the vehicle on a highway and open the trunk before he can even begin to restart it." *Id.* at 58, 669 N.E.2d at 614. Similarly, Roadco equipped the truck with communications equipment and emergency triangles and lights so that if the vehicle became disabled, the driver could send for help and ensure that he could be seen by other drivers. Construing all reasonable inferences in favor of the non-movant, Roadco could reasonably foresee that if these systems failed, an accident could result.

### Conclusion

For the reasons stated above, the Court denies Roadco's motion for summary judgment [docket no. 100].

_____
MATTHEW F. KENNELLY
United States District Judge

Date: October 13, 2006